UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

KYLE RUTHERFORD,

    Defendant.

Case No. 3:20-cr-111

District Judge Michael J. Newman

---

**ORDER DENYING MOTION FOR RECUSAL (Doc. No. 55)**

---

On December 15, 2022, the Court rejected Defendant's plea agreement made pursuant to Fed. R. Crim. P. 11(c)(1)(C). Doc. No. 46. Thereafter, defense counsel moved to recuse the undersigned. This case is now before the Court on Defendant's motion for recusal. Doc. No. 55. The Government responded, and this matter is now ripe for review. Doc. No. 57.

**I.**

**A. Procedural History and Guidelines Calculation**

On October 7, 2020, Defendant was indicted on two counts of aggravated sexual abuse of minors who had not yet attained twelve years of age, in violation of 18 U.S.C. § 2241(c). Doc. No. 9. He pled guilty—pursuant to Fed. R. Crim. P. 11(c)(1)(C)—to two counts of sexual abuse, in violation of 18 U.S.C. § 2242(2)(A), on September 28, 2022. Doc. Nos 37, 38. The parties stipulated to a sentence not to exceed 60 months imprisonment. Doc. No. 37 at PageID 101. The Court deferred a decision on the plea agreement until sentencing. Doc. No. 39.

Defendant's base offense level, under the Sentencing Guidelines, was 30. *See* U.S.S.G. § 2A3.1; Doc. No. 43 at PageID 157. Because both minor victims were five and six years old at the time of the offense, Defendant's base offense level increased to 34. U.S.S.G.

§ 2A3.1(b)(2); Doc. No. 43 at PageID 158. It then increased to 41, due to the application of U.S.S.G. § 4B1.5(b)(1)—warranting a five-level increase because Defendant qualified as a repeat and dangerous sex offender against minors. Doc. No. 43 at PageID 159. Ultimately, his total offense level rested at 38, after decreases under U.S.S.G. §§ 3E1.1(a) and (b) for accepting responsibility and timely notifying authorities of his intent to plead guilty. *See id.*

Defendant's criminal history featured two relevant offenses—a traffic offense in 2019, involving Defendant's intoxicated driving; and failing to comply with a police order in 2020. *See id.* at PageID 160–61. He committed the 2020 offense while on probation, leaving his criminal history score at four. *Id.* at PageID 161–62. That meant that his criminal history category was III, and his term of imprisonment, under the Guidelines, ranged from 292 to 365 months. *Id.* at PageID 172.

**B. December 15, 2022 Sentencing Hearing**

On December 15, 2022, the Court opened the sentencing hearing by hearing victim impact statements from the mothers of the minor victims. *See* Doc. No. 53 at PageID 190. The Court then heard from counsel for the Government and Defendant. *Id.* at PageID 196–201. After a brief recess, the Court rejected the plea agreement. *Id.* at PageID 204.

In rejecting the agreement, the Court began by explaining that it "must exercise sound discretion in determining whether to reject a plea" and "must articulate . . . sound reasons . . . for rejecting a Plea Agreement, including relying on the Sentencing Guidelines and the factors set forth in . . . 18 U.S.C. [§] 3553(a)." *Id.* at PageID 202. It then explained the relevant materials to consider, including: (1) the Sentencing Guidelines; (2) the recommendations of the parties and the Probation Department; and (3) the § 3553(a) factors, which it then listed. *Id.* at PageID 203–05.

Next, the Court structured its analysis in three ways. First, the Court examined comparable sentences for offenders sentenced under 18 U.S.C. § 2242 in the Sixth Circuit and nationwide. *Id.*

2

at PageID 205–06. It noted that the average sentence length in 2021 was 214 months. *Id.* Second, "[g]iven the large disparity between Defendant's agreed-upon proposed term of imprisonment—60 months—and what judges across the county have imposed in sexual abuse cases," the Court noted that "there must be a substantial justification for the parties' proposed downward departure under Section 3553(a)." *Id.* Third, the Court found that the § 3553(a) factors did not support the parties' proposed departure from the Guidelines range, given the seriousness of the offenses, the nature of the victims (including their age and the harm they have suffered, as reflected in the victim impact statements), and the need for adequate deterrence. *Id.* at PageID 206. Moreover, Defendant's characteristics and history of alcohol abuse were not sufficient justifications for that proposed departure, so the Court factored those considerations into its conclusion to reject the plea. *Id.* It noted that these characteristics did "not outweigh the other Section 3553(a) factors that favor a sentence that hews closer to the sentencing range established under the Guidelines—most prominently, the need to provide just punishment for the gravity of these offenses." *Id.*

In conclusion, the Court emphasized that the parties did "not identify any relevant factor" under § 3553(a) that supported "a 486[%] downward departure from the low end of the Guideline range, resulting in a 60-month sentence. Thus, the sentence recommended d[id] not satisfy the principles and purposes of sentencing under Section 3553(a)." *Id.* at PageID 207. The Court then formally rejected Defendant's plea agreement. *Id.* at PageID 206–07.

The Court informed Defendant that if he did not withdraw his plea after the rejection, it did not have to follow the terms of the plea agreement, so it could sentence him to a longer term of imprisonment. *Id.* at PageID 207. It also indicated that Defendant could proceed to trial or choose to plead guilty in the future, noting that "[b]ecause this is such a serious issue, and because I want to make sure that the Defendant has an opportunity to think clearly and carefully and meet

3

with his attorney, . . . I do not think we should proceed to that discussion today." *Id.* at PageID 208.

Counsel for the Government then informed the Court that the plea agreement represented a sentence that the parties deemed fair and "would help to ensure the safety of the community." *Id.* at PageID 211. The Court responded that the victims' mothers, in their testimony, indicated their dissatisfaction with the plea: another factor suggesting that the proposed term of imprisonment did not reflect the seriousness of Defendant's conduct. *Id.* at PageID 211–12. Defendant, through counsel, then informed the Court that he "would like to withdraw his plea and set this matter for trial." *Id.* at PageID 213. The Court gave Defendant more time to contemplate his decision before it concluded the hearing. *Id.*

### C. The Present Motion

After the hearing, Defendant filed his motion for recusal on December 29, 2022. Doc. No. 55. The basis for his motion is 28 U.S.C. § 455(a), which requires recusal if a judge's impartiality might reasonably be questioned. *Id.* at PageID 222. Defendant contends that this Court's impartiality might reasonably be questioned based on its rejection of the plea agreement. *Id.* Particularly, he alleges that the Court violated Rule 11 of the Federal Rules of Criminal Procedure—prohibiting judicial involvement in plea negotiations—because, in his view, it committed itself to a term of imprisonment within the Guidelines range; it relied on information in the presentence investigation report ("PSR") to reject the plea agreement; and it commented that the victims' mothers were unhappy with the terms of the agreement. *Id.* at PageID 228–29. In turn, Defendant contends that this requires the undersigned's recusal. *See id.*

## II.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be

4

questioned." "[E]xtrajudicial source[s] [are] the only bas[e]s for establishing disqualifying bias or prejudice under 28 U.S.C. § 455(a)." *United States v. Howard*, 218 F.3d 556, 566 (6th Cir. 2000) (internal quotation marks omitted) (quoting *United States v. Liteky*, 510 U.S. 540, 551 (1994)). This means personal bias or extrajudicial conduct; "[p]ersonal bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *United States v. Nelson*, 922 F.2d 311, 319–20 (6th Cir. 1990) (internal quotation marks omitted). "The critical test is whether the alleged bias stems from an extrajudicial source and results in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Id.* (internal quotation marks omitted) (quoting *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251–52 (6th Cir. 1989)).

When deciding recusal motions under § 455(a), the undersigned applies an objective standard, asking whether his impartiality may be questioned from a reasonable person's perspective. *See Burley v. Gagacki*, 834 F.3d 606, 615–16 (6th Cir. 2016). "This requires recusal 'if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'" *United States v. Prince*, 618 F.3d 551, 561 (6th Cir. 2010) (quoting *Johnson v. Mitchell*, 585 F.3d 923, 945 (6th Cir. 2009)).

### III.

Defendant's motion merits denial for two reasons. First, Defendant does not identify an extrajudicial source or personal bias, as required for recusal motions under § 455(a). Second, the Court did not involve itself in plea negotiations when it explained why it rejected the plea agreement.

#### A. Extrajudicial Source Doctrine

Defendant's motion targets only the Court's rejection of his plea agreement. *See* Doc. No. 55 at PageID 229–30. He "makes no allegation" that the undersigned "had knowledge resulting

5

from any *extrajudicial* activities or exposure[,]" considering his sole argument is that the Court violated Rule 11. *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) (emphasis in original). This is not extrajudicial conduct. *See United States v. Parker*, 837 F. App'x 341, 346–47 (6th Cir. 2020). Likewise, the Court did not rely on extrajudicial information in reviewing the PSR because it "is a document *prepared for the court for use in sentencing* [a] defendant." *United States v. McCullough*, No. 5:10-CR-223, 2011 WL 2173897, at *4 (E.D. N.C. June 2, 2011) (emphasis in original)

Moreover, Defendant cannot identify "a deep-seated favoritism or antagonism" in how the Court rejected the plea agreement. *Liteky*, 510 U.S. at 555 (noting that hostile comments that would justify recusal, for example, "would be disparaging the nationality of the defendant by declaring that all people of that nationality have hearts [that] are reeking with disloyalty" (quotation omitted)). To the extent he argues that this Court demonstrated hostility simply from rejecting this plea agreement, this is an "uphill battle" that he must lose. *Burley*, 834 F.3d at 616; *see also United States v. Gordon*, 61 F.3d 263, 267–68 (4th Cir. 1995) (denying motion to recuse because denying a plea agreement is an insufficient basis to allege bias warranting recusal). The undersigned did not express any hostility or aversion to Defendant when it described the minor victims here as "vulnerable" because minors who have been sexually abused are generally vulnerable. *Cf. United States v. Zobel*, 696 F.3d 558, 569–70 (6th Cir. 2012) (recognizing that sentences for sexual abuse account for the vulnerability of minors). Accordingly, because Defendant cannot identify any extrajudicial conduct or personal bias, his motion is properly denied on that basis.

### B. Rule 11

Defendant's failure to identify extrajudicial conduct or personal bias would, ordinarily, be a sufficient basis to deny his motion. Nonetheless, the Court recognizes that other courts permit

6

defendants to file a recusal motion for an alleged Rule 11 violation. *See, e.g.*, *Parker*, 837 F. App'x at 836–37; *United States v. York*, 274 F. Supp. 2d 1347, 1351 (M.D. Ga. 2003). However, no such violation occurred here.

Fed. R. Crim. P. 11 "prohibits a district court from participating in plea negotiations." *In re United States*, 32 F.4th 584, 592 (6th Cir. 2022). That rule is "stringently enforced . . . ." *United States v. Fleming*, 239 F.3d 761, 765 (6th Cir. 2001); *see also, e.g.*, *United States v. Markin*, 263 F.3d 491, 496–98 (6th Cir. 2001). However, the Court "may be involved in the acceptance or rejection of certain plea agreements" without running afoul of the rule. *In re United States*, 32 F.4th at 592 (citing Fed. R. Crim. P. 11(c)(2), (c)(3)(A)). After all, defendants do not have an "absolute right to have a guilty plea accepted." *Santobello v. New York*, 404 U.S. 257, 262 (1971) (citations omitted).

Under Fed. R. Crim . P. 11(c)(1)(C), a district court "may accept the agreement, reject it, or defer a decision until the court has reviewed the [PSR]." Fed. R. Crim. P. 11(c)(3)(A). "[A] court must exercise 'sound judicial discretion' in determining whether to reject a plea." *United States v. Cota-Luna*, 891 F.3d 639, 647 (6th Cir. 2018) (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971)). "What is considered 'sound' will often depend on the case at hand." *In re United States*, 32 F.4th at 594. "[A] a district court may reject a plea agreement when, for example, the agreement does not adequately reflect the seriousness of the offense, unduly cabins the judge's sentencing discretion, or is contrary to the sound administration of justice[.]" *Id.* (citations omitted); *see also United States v. Doggart*, 947 F.3d 879, 882 (6th Cir. 2020) (recognizing that, "[w]hen deciding to accept" a Rule 11 agreement, "courts often consider when it reflects the seriousness of the actual offense behavior" (cleaned up)).

These principles foreclose Defendant's arguments. "Judges have an independent

7

obligation to ensure that Rule 11(c)(1)(C) agreements stipulate to an appropriate sentence within the applicable Guideline range, or else justify any departure from the Guidelines." *United States v. George*, 804 F. App'x 358, 362 (6th Cir. 2020) (citation omitted); *see also Freeman v. United States*, 564 U.S. 522, 529–30 (2011) (plurality opinion). Here, the Court stated that the proposed agreement neither stipulated to an appropriate sentence within the Guidelines nor justified why a 464% departure was warranted. Doc. No. 53 at PageID 205–07. Considering the facts and circumstances of this case, the Court refused to depart to the extent requested. *Id.*; *see also, e.g.*, *George*, 804 F. App'x at 362 (finding "no error" in district court's conclusion that the agreed upon range of imprisonment was insufficient compared to the Guidelines range).

Furthermore, this case is unlike the cases that Defendant analogizes to in his motion. For example, in *United States v. Crowell*, the Fifth Circuit vacated and remanded a guilty plea where a district judge impermissibly offered his thoughts on what would be an acceptable range for sentencing "after the rejection of the first plea agreement, and before the second plea agreement was in its final form[.]" 60 F.3d 199, 204–05 (5th Cir. 1995). However, the Fifth Circuit found that—like the present case—the district judge did not err when he rejected the first agreement that cabined imprisonment at sixty months, considering the aggravated nature of the defendant's conduct and harm to the victims. *See id.* at 204.

*United States v. Bennett*, which is also mentioned in Defendant's motion, is not analogous. There, the district judge initiated a call with counsel and proposed that they add an appellate waiver to a plea agreement; noted that "he would likely exceed the guidelines" and declared them irrelevant; and, after he heard proposed sentencing ranges, said "there is no way on God's green Earth I'm going to sentence him to only seven years[.]" 982 F.2d 193, 194 (6th Cir. 1992), *abrogated by United States v. Davila*, 569 U.S. 597, 608 (2013). The district judge further

commented on the strength of the defendant's case, leaving the defendant "with the choice of pleading guilty or taking his chances at trial in front of a judge who seemed already to have made up his mind about the defendant's guilt." *Id.*

Defendant also invokes *United States v. Kyle* from the Ninth Circuit. *See* Doc. No. 55 at PageID 228 (citing *United States v. Kyle*, 734 F.3d 956, 965–66 (9th Cir. 2013)). That district court rejected a plea agreement as too lenient in October 2011, based on the circumstances of the offense. *Id.* at 960. Several months later, the district court, on the record, stated, "[Q]uite frankly, given what I know about this case, I'm prepared to impose a life sentence." *Id.* This led to a colloquy between the district court and counsel, during which the district court again offered its opinion about a sentence that the defendant should accept. *See id.* Unlike the present case, the remarks in Kyle "emphasized to [the defendant] that his only chance to escape a life sentence would be to accept a plea agreement for a substantially longer sentence than the 360-month sentence rejected in the first plea agreement." *Id.* at 964–65. For obvious reasons, this Court neither bound itself to accept a sentence of a certain length, nor did it contact counsel to opine on a sentence that it would deem acceptable. Thus, *Kyle* is not analogous to the present case.

Rather, this case resembles *United States v. Abram*, 440 F. App'x 470, 472 (6th Cir. 2011). There, the Sixth Circuit rejected a similar argument made here: that the district court violated Rule 11 when it rejected a Rule 11(c)(1)(C) plea agreement to 60 months imprisonment after concluding that the circumstances of the offense provided no basis to depart that far from the Guidelines range. *Id.* It noted that district courts must "evaluate a sentence agreed to in a Rule 11(c)(1)(C) plea agreement to ensure that it is sufficient, but not greater than necessary, to comply with the purposes of federal sentencing." *Id.* at 473 (internal quotation marks omitted) (quoting *Freeman*, 564 U.S. at 529). Thus, the district court did not interfere with the plea-bargaining process by concluding

9

that departure was unjustified. *Id.*; *see also United States v. Sandoval-Enrique*, 870 F.3d 1207, 1217–18 (10th Cir. 2017) ("[T]he district court was obliged to explain to the parties why it had exercised its discretion to reject the parties' agreements"); *United States v. Kraus*, 137 F.3d 447, 454–57 (7th Cir. 1988) (approving a district judge's decision to reject a plea agreement as too lenient, and only reversing where the judge proposed a hypothetical sentence and had his law clerk call counsel for the government to suggest terms that the judge would agree with).

Like the district court in *Abram*, this Court: (1) determined sentences for sexual abuse throughout the Sixth Circuit; (2) determined the applicable Guideline range; (3) consulted the § 3553(a) factors; and (4) concluded that the parties had not identified a justification for the term of imprisonment or departing from the Guidelines to that extent. *See* Doc. No. 53 at PageID 205–07. That is what this Court is required to do. *See In re United States*, 32 F.4th at 594; *Bennett*, 982 F.2d at 195; *Crowell*, 60 F.3d at 204. That process included considering the victims' mothers' testimony, which helped explain why the sentence proposed did not adequately reflect the seriousness of Defendant's conduct. *Id.*; *cf. United States v. Scott*, 877 F.3d 42, 48 (1st Cir. 2017) ("To safely walk this line in this case, the district court might have simply explained that it rejected the agreement because . . . the sentence was too lenient . . ."). "An articulation of why the court rejected a plea agreement will not vitiate the entire plea process[,]" so the Court did not violate Rule 11. *Sandoval-Enrique*, 870 F.3d at 1218; *see also Abram*, 440 F. App'x at 472–73; *United States v. Smith*, No. 1:18-cr-64, 2019 WL 5692169, at *6–7 (N.D. Ind. Nov. 4, 2019) (rejecting 60-month plea agreement for defendant accused of child pornography offenses where his alcohol use alone did not justify departing over 44% from the Guidelines range).

## IV.

For the reasons stated, Defendant's motion for recusal is **DENIED**. Doc. No. 55.

**IT IS SO ORDERED.**

Date:  February 2, 2023                              s/Michael J. Newman
                                                                Hon. Michael J. Newman
                                                                United States District Judge