UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                        Case No. 3:20-cr-111

vs.

KYLE RUTHERFORD,                     District Judge Michael J. Newman

    Defendant.

---

**ORDER FOR BRIEFING ON WHETHER THIS COURT HAS JURISDICTION TO ACCEPT DEFENDANT'S GUILTY PLEA UNDER THE ASSIMILATIVE CRIMES ACT**

---

This criminal case is before the Court after it held a status conference on April 11, 2023. Although Defendant was previously indicted under 18 U.S.C. § 2242, he is now charged in a second superseding information under the Assimilative Crimes Act ("ACA"), 18 U.S.C. § 13, with two violations of Ohio Revised Code § 2907.05(A)(4). Doc. No. 37; Doc. No. 64 at PageID 274. At the status conference, the Government explained that it chose to charge Defendant under the ACA because it relied on a memorandum from the Attorney General that encouraged federal prosecutors to exercise their discretion in charging, seeking pleas, and sentencing in certain cases to better allocate the Department of Justice's resources to combat violent crime. *See* Merrick Garland, *Memorandum to All Federal Prosecutors, General Department Policies Regarding Charging, Pleas, and Sentencing*, 35 Fed. Sentencing Rep. 157 (issued on Feb. 1, 2023) (hereinafter, "*Memorandum*").

Under the ACA, "if there is no federal criminal law on point, and if a defendant's conduct would have been a state-law crime but for the fact that it was committed on federal territory, it

'becomes a federal offense for which [he is] sentenced under federal guidelines.'" *United States v. Pego*, 567 F. App'x 329, 323 (6th Cir. 2014) (quoting *United States v. Couch*, 65 F.3d 542, 543 (6th Cir. 1995)). "[T]he [ACA] will not apply where both the state and federal statutes seek to punish approximately the same wrongful behavior." *Lewis v. United States*, 523 U.S. 155, 165 (1998); *see also, e.g.*, *United States v. Lopez*, 4 F.4th 706, 744–45 (9th Cir. 2021) (Bennett, J., dissenting); *United States v. Guardia*, 10 F. Supp. 2d 1237, 1238–40 (D.N.M. 1998). In other words, the ACA "does not adopt state law 'where there is no gap to fill.'" *Parker Drilling Mgmt. Servs., Ltd. v. Newton*, --- U.S. ---, 139 S. Ct. 1881, 1891 (2019) (quoting *Lewis*, 523 U.S. at 163).

Defendant has entered into a written plea agreement in which he agrees to plead guilty under the ACA to two counts of violating Ohio Rev. Code § 2907.05(A)(4). This Court is obligated to evaluate whether a plea agreement is "contrary to the sound administration of justice[.]" *In re United States*, 32 F.4th 584, 595 (6th Cir. 2022) (quoting *United States v. Moore*, 916 F.2d 1131, 1136 (6th Cir. 1980)); *see also United States v. Severino*, 800 F.2d 42, 46 (2d Cir. 1986). If Defendant were to plead guilty based on "a misconception about the [ACA's] legal scope[,]" that could have ramifications. *Waucaush v. United States*, 380 F.3d 251, 258 (6th Cir. 2004); *cf. Bousley v. United States*, 523 U.S. 614, 620 (1998).

Although the Government indicates that it can prosecute Defendant through the ACA based on the Attorney General's memorandum, that memorandum alone does not override the fact that the ACA cannot "serve as a vehicle under which a state statute affixing punishment . . . could lessen or enlarge a federal penal offense." *Shirley v. United States*, 554 F.2d 767, 769 (6th Cir. 1977) (citing *Williams v. United States*, 327 U.S. 711, 718–22 (1946)); *cf. Memorandum*, 35 Fed. Sentencing Rep. at 157 (noting that, in selecting charges, prosecutors must first consider whether "the person will more likely than not be found guilty beyond a reasonable doubt by an unbiased

2

trier of fact and that the conviction will be upheld on appeal"). Thus, it is not clear that this memorandum would confer jurisdiction to accept this plea. *See, e.g.*, *Shirley*, 554 F.2d at 768 (framing the question as "whether the district court had jurisdiction to try and sentence petitioner under [the ACA] in view of the fact that the offense for which he was indicted is cognizable under the Federal Robbery Statute"); *cf. United States v. Caceres*, 440 U.S. 741, 752–55 (1979).

The Court draws no conclusions at this time regarding whether the ACA and Ohio Rev. Code § 2907.05(A)(4) apply in the present case given that Defendant was previously charged under 18 U.S.C. § 2242. Accordingly, the Court **ORDERS** the parties to submit briefs, jointly or individually, **on or before May 7, 2023**, addressing these issues.

**IT IS SO ORDERED.**

April 20, 2023                                      s/ Michael J. Newman
                                                    Hon. Michael J. Newman
                                                    United States District Judge