UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

 Plaintiff,          Case No. 3:20-cr-111

vs.

KYLE RUTHERFORD,       District Judge Michael J. Newman

 Defendant.

---

**ORDER OVERRULING DEFENDANT'S OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT (Doc. No. 77)**

---

Defendant Kyle Rutherford pled guilty on March 31, 2023 to two counts of gross sexual imposition under Ohio Revised Code 2907.05(A)(4), as assimilated into federal law through the Assimilative Crimes Act, 18 U.S.C. § 13. Doc. No. 64. The Court referred this matter to the Probation Department to prepare a Presentence Investigation Report ("PSR"). Doc. No. 77. This case is now before the Court on Defendant's objection to the resulting PSR's recommended condition of supervised release, requiring that he "shall not view or possess material, images, videos or computer files containing sexually explicit conduct as defined by 18 U.S.C. § 2256(2)(A) and (B)." *Id.* at PageID 365.

The Sentencing Guidelines recommend "special conditions" of supervised release when the "offense of conviction is a sex offense." U.S.S.G. § 5D1.3(d)(7). A sentencing court has discretion to impose a special condition of supervised release if it:

> (1) is reasonably related to specified sentencing factors, namely the nature and circumstances of the offense and the history and characteristics of the defendant, and the need to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or

> vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (2) involves no greater deprivation of liberty than is reasonably necessary to achieve these goals; and
>
> (3) is consistent with any pertinent policy statements issued by the Sentencing Commission.

*United States v. Zobel*, 696 F.3d 558, 573 (6th Cir. 2012) (quoting *United States v. Ritter*, 118 F.3d 502, 504 (6th Cir. 1997)); *see* 18 U.S.C. § 3583(d).

The Court overrules Defendant's objection because the recommended condition satisfies this standard.  It is reasonably related to the goals in sentencing, considering: (1) Defendant's pattern of sexual abuse of minors, 18 U.S.C. § 3553(a)(1); (2) Congress's intent in designating sexual crimes against children as extremely serious, *id.* § 3553(a)(5); (3) the need to deter Defendant from future crimes, *id.* § 3553(a)(2)(B); and (4) the desire to afford Defendant medical treatment without distraction or relapse into violent sexual behavior.  *Id.* § 3553(a)(2)(D); *see United States v. Miller*, 755 F. App'x 440, 444 (6th Cir. 2018).  Based upon the foregoing, depriving Defendant's liberty to this degree is reasonably necessary to deter and rehabilitate him.  *See, e.g.*, *United States v. Chase*, 740 F. App'x 833, 835–36 (6th Cir. 2018).

Accordingly, Defendant's objection is **OVERRULED**.

**IT IS SO ORDERED.**

  July 25, 2023                              /s Michael J. Newman
                                             Hon. Michael J. Newman
                                             United States District Judge